**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal Action No. 20-185 (JDB)** |
| **DEVONTE JEFFERSON,** | |
| **Defendant.** | |

**MEMORANDUM OPINION**

Defendant Devonte Jefferson is charged by indictment with unlawful possession of ammunition by a person previously convicted of a felony, see 18 U.S.C. § 922(g)(1), and unlawful possession of a firearm by a person previously convicted of a felony, see D.C. Code § 22-4503(a)(1). In advance of the jury trial scheduled to begin on January 20, 2022, both Jefferson and the government have filed motions in limine. The government seeks to admit evidence of four of Jefferson's prior convictions, arguing that two of the convictions are admissible as other criminal acts pursuant to Federal Rule of Evidence 404(b), and that three are admissible to impeach Jefferson's credibility pursuant to Rule 609 should he choose to testify at trial. Jefferson moves to bifurcate his trial so jurors do not learn of his prior felony convictions until after deciding whether he possessed the gun and ammunition at issue in the case; in the alternative, he asks the Court to forbid the government from referring to him as a "felon," or referring to his prior convictions as "felonies." For the reasons explained below, the Court will grant the government's motion to admit other-acts evidence; grant the government's motion to admit impeachment evidence; and deny Jefferson's motion to bifurcate or preclude the government from using the words "felon" and "felony."

1

## Background[1]

On August 30, 2020, members of the Metropolitan Police Department's Narcotics and Special Investigation Division Gun Recovery Unit viewed an Instagram Live video showing a person standing on a sidewalk, wearing a blue hooded sweatshirt and black jeans, with a black handgun with an extended magazine in his waistband.  See Gov't Mot. in Limine to Admit Other Crimes Evid. Pursuant to Fed. R. Evid. 404(b) [ECF No. 21] ("404(b) Mot.") at 1–2.  Officers recognized the person as Devonte Jefferson and, knowing that he "associate[d] around" a particular area in Washington, D.C., responded to the location.  Id.  There they saw Jefferson standing in front of a building in the same outfit visible in the video.  Id. at 2.  Immediately after observing the officers, Jefferson entered the back seat of a parked vehicle and could be seen "moving around" inside.  Id.  Officers removed Jefferson from the car and discovered a black handgun with an extended magazine loaded with ammunition under the front passenger seat, where it was visible from the rear passenger side of the vehicle.  See id.  The car was not registered to Jefferson, though no one else was inside it while Jefferson was in the back seat.  Id.  The officers arrested Jefferson. Id.

Investigators determined that the gun recovered from the car, which appeared to be the same gun visible in the Instagram video, was a "privately made firearm" or "ghost gun."  404(b) Mot. at 2.  It is a .9-millimeter semiautomatic handgun, comprised of "an unserialized Polymer 80 Inc. receiver and a Glock model 19 slide."  Id.  When it was recovered by the officers, the gun contained one round of ammunition in the chamber and thirty-two rounds in the magazine.  Id. Investigators compared swabs from the firearm and the magazine with Jefferson's DNA, and the

---

[1] The information in this section is based on the government's factual assertions in its motions in limine.  See Gov't's Mot. in Limine to Admit Rule 609 Evid. [ECF No. 20]; Gov't's Mot. in Limine to Admit Other Crimes Evid. Pursuant to Fed. R. Evid. 404(b) [ECF No. 21].  The Court will refer to these facts only as a proffer of what the government intends to prove at trial, without endorsing their truth.

results suggest that Jefferson's DNA was present on both the gun and the magazine.  See id. at 3.
On September 9, 2020, a federal grand jury indicted Jefferson on one count of unlawfully
possessing ammunition and one count of unlawfully possessing a firearm, arising from his alleged
possession of the "ghost gun" and ammunition on August 30, 2020.  See Indictment at 1–2.

Jefferson has several prior convictions.  At the time of his arrest in August 2020, he had
been convicted in 2016 of felony robbery in the D.C. Superior Court (case number 2016 CF3
010185), see 404(b) Mot. at 3, and he also had a 2015 felony conviction for grand larceny in
Fairfax County, Virginia, see Gov't's Mot. in Limine to Admit Rule 609 Evid. [ECF No. 20] ("609
Mot.") at 4.  In January 2020, Jefferson pleaded guilty to unlawful possession of a firearm by a
convicted felon in D.C. Superior Court (case number 2019-CF2-000354), and to possession of an
unregistered firearm and unlawful possession of ammunition (case number 2019-CF2-010379).
See 404(b) Mot. at 4; see also 404(b) Mot. Ex. 2 [ECF No. 21-2]; 404(b) Mot. Ex. 3 [ECF No. 20-
3].  According to the factual proffer supporting those pleas, on January 7, 2019, Jefferson
"possessed on his person a 9mm silver and black firearm . . . bearing no serial number" and loaded
with eight rounds of ammunition; and on December 5, 2018, he possessed a "Glock 36 .45 caliber
pistol" loaded with seven rounds of ammunition in the glove compartment of a car in which he
was the front-seat passenger.  See 404(b) Mot. Ex. 1 [ECF No. 201-1].

The government now seeks under Rule 404(b) to introduce Jefferson's prior unlawful-
possession convictions as evidence of other criminal conduct for non-propensity purposes.  See
404(b) Mot. at 1, 6.  The government also seeks to impeach Jefferson, should he choose to testify,
with evidence of three of his prior convictions—for unlawfully possessing a firearm, robbery, and
grand larceny—pursuant to Rule 609.  See 609 Mot. at 4.  Jefferson, on the other hand, moves the
Court to bifurcate his trial to prevent the jury from learning of any of his previous convictions until

it determines whether he possessed the firearm in this case; in the alternative, he asks that the Court forbid the government from referring to him as a "felon" or to his prior offenses as "felonies" at trial.  Def.'s Mot. in Limine to Bifurcate Trial, or in the Alternative, to Preclude the Gov't from Using the Words "Felon" or "Felony" in the Presence of the Jury [ECF No. 22] ("Def.'s Mot") at 1, 6.  The motions are fully briefed and ripe for decision.

## Analysis

### I.    Motion to Admit Rule 404(b) Evidence

The government seeks to admit evidence of Jefferson's prior convictions for unlawful possession of a firearm and unlawful possession of ammunition as "other acts" evidence under Rule 404(b).  See 404(b) Mot. at 6.  Rule 404(b)(1) bars the admission of evidence of "any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [his] character."  But the rule permits the introduction of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Rule 404(b) is a rule of inclusion, rather than exclusion," and "the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance'—for the purpose of proving that a person's actions conformed to his character."  United States v. Bowie, 232 F.3d 923, 929–30 (D.C. Cir. 2000) (quoting United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc)); accord United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.").

To determine whether evidence of prior crimes is admissible under Rule 404(b), courts in this district conduct a "two-step analysis."  Miller, 895 F.2d at 1435.  First, the other-acts evidence must be "probative of a material issue other than character."  Id. (quoting Huddleston v. United

4

States, 485 U.S. 681, 686 (1988)).  Second, if the evidence is offered for a proper purpose, it also must satisfy the "'general strictures limiting admissibility,' the most important of which [is] the requirement of Rule 403 that the probative value of the evidence not be 'substantially outweighed' by its potential prejudice."  Id. (quoting Huddleston, 485 U.S. at 688); see also Fed. R. Evid. 403 (permitting a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice").  Rule 403 "does not bar powerful, or even 'prejudicial' evidence," but instead "focuses on the 'danger of unfair prejudice,' and gives the court discretion to exclude evidence only if that danger 'substantially outweigh[s]' the evidence's probative value." United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) (alteration in original) (quoting United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998)).

Although the government "fully intends to prove actual possession of the firearm" based on the Instagram video depicting Jefferson with the gun in his waistband, 404(b) Mot. at 6, it anticipates that Jefferson will "attack the identification of [himself] in the Instagram video and . . . suggest that [he] was not aware of the firearm in the vehicle," Gov't's Reply to Def.'s Opp'n [ECF No. 32] ("404(b) Reply") at 2.  Accordingly, the government has another theory on which the jury could convict Jefferson:  that he constructively possessed the gun, since he "'knew of, and was in a position to exercise dominion and control over' the weapon."  United States v. Clark, 184 F.3d 858, 853 (D.C. Cir. 1999) (quoting United States v. Byfield, 928 F.2d 1163, 1166 (D.C. Cir. 1991)); see 404(b) Mot. at 6, 9.  The government argues that evidence of Jefferson's past convictions is relevant to prove that he knowingly possessed the gun on this occasion.  See 404(b) Mot. at 6; see also 404(b) Reply at 2 (anticipating that Jefferson will argue he "was not aware of the firearm in the vehicle, which was registered to someone else").

"A prior history of intentionally possessing guns . . . is certainly relevant to the determination of whether a person in proximity to [a gun] on the occasion under litigation knew what he was possessing and intended to do so." United States v. Cassell, 292 F.3d 788, 794–95 (D.C. Cir. 2002); see, e.g., United States v. McCarson, 527 F.3d 170, 173 (D.C. Cir. 2008); United States v. Brown, 16 F.3d 423, 431 (D.C. Cir. 1994).  In United States v. Garner, 396 F.3d 438 (D.C. Cir. 2005), for example, the government presented evidence of both actual possession and constructive possession. 396 F.3d at 442–43.  Because the jury was presented with "a paradigmatic constructive possession scenario in which [a firearm] is found in proximity to a defendant who may or may not have been 'knowingly'" in possession of it, the D.C. Circuit concluded that evidence of the defendant's prior gun possession was relevant to prove the defendant's knowledge under Rule 404(b). Id. at 443–44.

Garner is directly on-point:  evidence of Jefferson's prior possession of firearms is probative as to whether he "knowingly" possessed the gun on this occasion.  As a consequence, such evidence may be admitted consistent with Rule 404(b), since it is not being introduced for an improper character purpose.   Jefferson resists this conclusion by arguing that his prior convictions—one for "possess[ing] on his person a silver and black 9mm firearm" and one for possessing "a Glock 36 .45 caliber pistol" in the glove compartment of a car in which he was the front-seat passenger, see 404(b) Mot. Ex 1—are factually distinguishable and thus irrelevant to the instant charge of possessing a "'ghost gun' . . . under the passenger seat of a car," Opp'n to 404(b) Mot. [ECF No. 29] ("404(b) Opp'n") at 4.  But this attempt to distinguish his previous conduct based on the locations and types of firearms is unavailing.  The "ghost gun" Jefferson allegedly possessed in this case is not so dissimilar to those involved in his previous convictions:  it is a .9-millimeter handgun, as in his January 2019 conviction, and it contains a Glock slide, as in his

December 2018 conviction.  See 404(b) Opp'n at 4; 404(b) Reply at 2.  Courts in this Circuit do not require "exact congruence" between other-acts evidence and the charged conduct.  United States v. Long, 328 F.3d 655, 661 (D.C. Cir. 2003).  Many courts have admitted evidence of a defendant's previous possession of firearms in situations that are factually distinguishable from the charged conduct.  See, e.g., Cassell, 292 F.3d at 794–95 (evidence of defendant's prior possession of firearms on his person and in his car properly admitted for charge relating to constructive possession of firearm in home bedroom); United States v. Anderson, 174 F. Supp. 3d 494, 495–96 (D.D.C. 2016) (defendant's prior conviction for possessing assault rifle concealed under car relevant to knowledge on charge of possessing pistol under bed in apartment).  Accordingly, the Court concludes that the evidence of Jefferson's two prior convictions for unlawful possession of a gun and ammunition are relevant here to show that Jefferson knowingly exercised dominion and control over the gun found under the passenger seat, a permissible purpose under Rule 404(b).

The parties also dispute the second step of the analysis:  whether the probative value of this evidence is substantially outweighed by its potential for unfair prejudice under Rule 403.  Jefferson argues that his prior convictions have only "microscopic probative value," 404(b) Opp'n at 9, and that they are "unfairly prejudicial" because, "[i]f the jury hears that he was convicted twice before for possession of a firearm, they will make the unfortunate mental leap that if he did it before, then he must have done it now," id. at 8.  The government, on the other hand, contends that the risk Jefferson identifies is "not unique" to this case and may be addressed with "a limiting instruction" requiring the jury to "consider the evidence of prior firearms possession solely for the appropriate purpose."  404(b) Mot. at 10–11.

Jefferson is correct that there is a real risk of prejudice from the introduction of his prior convictions.  But given that Jefferson is likely to attack the government's evidence of actual possession or dispute that he possessed the gun knowingly at trial, see 404(b) Opp'n at 1–2, 6, and given that the government plans to present a case of constructive possession in any event, see 404(b) Mot. at 6, 9, the probative value of the proffered evidence will outweigh the risk of prejudice.  In this case, "there is no 'compelling or unique evidence of prejudice,'" and certainly nothing that substantially outweighs the "highly probative" evidence of Jefferson's prior unlawful-possession convictions.  McCarson, 527 F.3d at 174 (citation omitted).  The Court will, of course, issue a limiting instruction to the jury on the purpose and proper consideration of the evidence. See Crowder, 141 F.3d at 1210 (explaining that concerns about prejudice "cannot give rise to a per se rule of exclusion" for Rule 404(b) evidence and noting "the effect of a limiting jury instruction" to reduce prejudice); see, e.g., McCarson, 527 F.3d at 174 ("[W]e deem . . . a limiting instruction [on the proper consideration of other-acts evidence] 'sufficient[]' to 'protect a defendant's interest in being free from undue prejudice' by virtue of his prior conviction(s) being put into evidence." (third alteration in original) (quoting Cassell, 292 F.3d at 796)); United States v. Douglas, 482 F.3d 591, 601 (D.C. Cir. 2007) (affirming the admission of evidence of a prior arrest for similar conduct in part because "the district court carefully instructed the jury on the proper use of the Rule 404(b) evidence").  Thus, the evidence of Jefferson's two prior convictions is admissible under Rule 404(b) and not excluded under Rule 403.  The Court will accordingly grant the government's motion.

## II.   Motion to Admit Rule 609 Evidence

If Jefferson testifies at trial, the government seeks to impeach his credibility under Federal Rule of Evidence 609 using evidence of his prior convictions for unlawfully possessing a firearm in 2020, for robbery in 2016, and for grand larceny in 2015.  See 609 Mot. at 4.  Rule 609(a)(1)

permits an opposing party to attack a witness's "character for truthfulness by evidence of a criminal conviction." If the witness is a criminal defendant, evidence of a prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to the defendant." Fed. R. Evid. 609(a)(1)(B).[2] When weighing probative value and unfair prejudice under Rule 609, courts consider "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." United States v. Jackson, 627 F.2d 1198, 1209 (D.C. Cir. 1980). The proponent of Rule 609 evidence bears the burden of demonstrating that its probative value outweighs its prejudice, a stricter test than that in Rule 403. See United States v. Smith, 551 F.2d 348, 361 (D.C. Cir. 1976).

The government argues that Jefferson's past offenses "suggest[] a disregard for the law . . . that is probative of [his] willingness to abide by legal requirements such as an oath of truthfulness." 609 Mot. at 4. And if Jefferson testifies, the government argues that "his character for truthfulness will be critical to the jury's assessment of his testimony," id., and, in turn, to his anticipated lack-of-knowledge defense. Jefferson responds that his prior convictions "provide minimal probative value in discerning [his] character for truthfulness" and are "highly prejudicial." Opp'n to 609 Mot. [ECF No. 30] ("609 Opp'n") at 1. Because none of his prior convictions involve deceit or untruthfulness, he argues that the government's "real aim" in introducing evidence of his past convictions is "to prejudice the jury." Id. at 3. He also argues that "there is a great risk that . . . the jury could convict [him] based on his prior misdeeds," particularly because one of the convictions the government seeks to offer "resemble[s] the current charge." Id. at 5.

---

[2] All of Jefferson's convictions occurred within the last ten years and are thus not subject to Rule 609(b)'s more stringent limitations on the admission of older convictions.

Two of the prior convictions at issue here are for offenses dissimilar to the charged conduct: robbery and grand larceny.  Both offenses are relatively recent, and both are felony convictions. Although robbery "is generally less probative than crimes that involve deception or stealth," the offense "does involve theft and is a serious crime that shows conscious disregard for the rights of others," so it is more relevant to credibility "than, say, crimes of impulse or simple narcotics and weapons possession."  United States v. Lipscomb, 702 F.2d 1049, 1070–71 (D.C. Cir. 1983); see id. at 1071 n.78 (collecting cases).  All four of the factors identified in Jackson weigh in favor of admitting these two prior convictions for impeachment purposes, see 627 F.2d at 1209; thus, the Court concludes that the government may impeach Jefferson with his robbery and grand larceny convictions if he testifies at trial.

Jefferson's conviction for unlawfully possessing a firearm presents different issues because the conviction is similar to the charged conduct.  Although it is true that "[c]onviction for a prior charge when a defendant is facing pending similar charges may be prejudicial," United States v. Savoy, 889 F. Supp. 2d 78, 119 (D.D.C. 2012); accord United States v. Isaac, 449 F.2d 1040, 1042 (D.C. Cir. 1971), "[t]he potential prejudice that comes from admitting these same-crime convictions is minimal when the jury has already been exposed to those prior convictions for some other purpose," United States v. Moore, 75 F. Supp. 3d 444, 456 n.12 (D.D.C 2014); see, e.g., United States v. Chauncey, 420 F.3d 864, 874 (8th Cir. 2005); United States v. Lattner, 385 F.3d 947, 961 (6th Cir. 2004).  In this case, evidence of Jefferson's prior gun-possession conviction will already be before the jury under Rule 404(b) as part of the government's case-in-chief, so the potential prejudice will be minimal.  Further, simply being similar to the charged offenses "does not render the prior conviction inadmissible" for impeachment purposes.  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980).  Like the robbery and grand larceny convictions, the firearm

conviction is recent, and Jefferson's credibility will likely be of central importance at trial.  See

Jackson, 627 F.3d at 1209.  As discussed above, the Court will issue a limiting instruction to

forestall any impermissible propensity inferences from the evidence of Jefferson's prior

convictions.   Accordingly, the Court concludes that the probative value of Jefferson's prior

conviction for unlawful possession of a firearm in demonstrating his truthfulness (or lack thereof)

outweighs the threat of prejudice, especially as the evidence will already be before the jury and

will be accompanied by a limiting instruction.   The government therefore will be permitted to

impeach Jefferson with his firearm possession conviction as well.

### III.    Motion to Bifurcate or Prevent Government's Use of "Felon" and "Felony"

Jefferson asks the Court to bifurcate his trial so jurors do not learn of his prior felony

convictions or, in the alternative, to forbid the government from using the words "felony" or

"felon" when referring to him.  See Def.'s Mot. at 1, 6.  He proposes a two-phase trial, in which

the jury would first determine whether he possessed a firearm and then, only if necessary, the Court

would find "through stipulated facts"[3] that Jefferson had previously been convicted of a felony

and was aware of his status.  Id. at 1.   If the Court exercises its discretion to deny Jefferson's

request for bifurcation, he argues in the alternative that "there is absolutely no reason the jury

should hear the word[s] 'felon' or 'felony' throughout his trial" because of the "negative stigma"

associated with those words.  Id. at 6.

---

[3] Jefferson cites Old Chief v. United States, 519 U.S. 172 (1997), for the proposition that it is "an abuse of discretion for a trial court to 'spurn' a stipulation regarding a prior criminal judgment."  Def.'s Mot. at 4 (quoting Old Chief, 519 U.S. at 174).  Although courts may not reject proffered stipulations to the status element of unlawfully possessing a firearm as a previously convicted felon, Old Chief does not require a court to accept such a stipulation if "there [is] a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove ' . . . knowledge')."  Id. at 190 (quoting Fed. R. Evid. 404(b)(2)).  Thus, Jefferson's "offer to stipulate to an element of an offense does not render the government's other-crimes evidence inadmissible under Rule 404(b) to prove" the knowledge element of possession, Garner, 396 F.3d at 442 (quoting Crowder, 141 F.3d at 1209), or to impeach Jefferson's credibility as a witness under Rule 609, see United States v. Jackson, No. 1:21-cr-12-RCL, 2021 WL 5711941, at *2 (D.D.C. Dec. 2, 2021) (collecting cases).

In support of his motion, Jefferson points to a case where the D.C. Circuit suggested, as an alternative to severing a gun-possession charge from other drug-related charges, that "the trial judge might have instructed the jury solely on possession, withholding any evidence of the ex-felon count until a verdict was reached" and only then asked the jury "to find whether or not [the defendant] was an ex-felon." United States v. Dockery, 955 F.2d 50, 55 n.4 (D.C. Cir. 1992); see Def.'s Mot. at 4. The government responds by pointing out that the Court is not required to bifurcate Jefferson's trial, relying on Clark, where the D.C. Circuit concluded that a defendant's proposed bifurcation went "beyond anything required" and "might well have deprived the prosecution of its rightful opportunity . . . 'to convince the jurors that a guilty verdict would be morally reasonable.'" 184 F.3d at 866–67 (citation omitted); see Gov't's Opp'n to Def.'s Mot. [ECF No. 27] ("Gov't Opp'n") at 4. The government also cites several out-of-circuit cases where courts concluded not only that bifurcation was not required, but indeed that it was an abuse of discretion. See Gov't Opp'n at 5–6 (collecting cases); see, e.g., United States v. Amante, 418 F.3d 220, 224–25 (2d Cir. 2005); United States v. Barker, 1 F.3d 957, 959 (9th Cir. 1993) (collecting cases), amended by 20 F.3d 365 (9th Cir. 1994). Jefferson agrees that there is no per se rule requiring the Court to bifurcate the "felon" element of a "felon-in-possession" trial. Def.'s Reply to Gov't Opp'n [ECF No. 33] at 3; Def.'s Mot at 6.

The Court will exercise its discretion to deny Jefferson's motion to bifurcate his trial. This is not the "'extraordinarily unusual case,' such as where the facts of the prior felony would be admitted into evidence and are of such a heinous nature as to overwhelm the trial on possession," where bifurcation is necessary. Amante, 418 F.3d at 222–23 (quoting United States v. Belk, 346 F.3d 305, 311 (2d Cir. 2003)). Indeed, preventing the government from explaining why Jefferson was not permitted to possess a gun could lead the jury to "question whether what the accused did

was a crime." <u>Clark</u>, 184 F.3d at 867 (quoting <u>United States v. Magnum</u>, 100 F.3d 164, 171 n.11 (D.C. Cir. 1996)).   As explained above, the jury may well learn of Jefferson's prior felony convictions as part of the government's case-in-chief or in impeachment of defendant should he testify; but any prejudice resulting from the jury learning of Jefferson's felony convictions will not be so overwhelming as to require bifurcation, given that the Court has already concluded that there is not substantial unfair prejudice under Rule 403.

As to Jefferson's alternative request, the government "disagrees with [Jefferson]'s analysis as to the prejudicial effect" of using the words "felon" or "felony" during the trial, but "concedes the appropriateness of limiting the number of references to the defendant's convicted status to those necessary to prove and argue its case." Gov't Opp'n at 7.  The Court agrees.  Although the government may not pile on or repeatedly use the terms to which Jefferson objects, the Court will not prevent the government altogether from using the words "felon" and "felony" to refer to Jefferson and his prior convictions.  Jefferson's motion accordingly will be denied.

### <u>Conclusion</u>

For the foregoing reasons, the government's motion to admit other-acts evidence pursuant to Rule 404(b) will be granted, the government's motion to admit evidence under Rule 609 will be granted, and Jefferson's motion to bifurcate or prevent the use of the words "felon" and "felony" will be denied.  A separate Order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>December 30, 2021</u>